IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TROY HENLEY | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-15-185 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

***

# MEMORANDUM

Petitioner's court-ordered supplement to the above-captioned petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 was filed on March 4, 2015. ECF 4. This court granted petitioner the opportunity to clarify his assertion that the claims asserted were subject to review under the savings clause of 28 U.S.C. §2255, which provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255. Further, the United States Court of Appeals for the Fourth Circuit has instructed that §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

This court previously observed that:

> The claims asserted in the instant petition appear to be restatements of claims asserted by petitioner in his motion to vacate which was filed in his criminal case on October 13, 2011, denied on February 29, 2012:, and affirmed on appeal on October 22, 2012. *United States v. Henley*, Crim. Case JFM-08-46 (D. Md.) at ECF 105, 110, and 118. Moreover, there appears to be no assertion that a substantive change in the law merits review of the claims as a petition for writ of habeas corpus under §2241.

ECF 2 at p. 2.

In his supplemental pleading, Petitioner states that he is entitled to review under §2241 because the claims asserted in his 2255 motion were never determined after a fact-based evidentiary hearing. ECF 4 at p. 5. The asserted basis does not state an adequate ground for review of the claims under §2241. The petition is, in reality, a successive 2255 motion over which this court does not have jurisdiction. Under 28 U.S.C. §2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable

Petitioner has not received the proper certification from the Fourth Circuit Court of Appeals. Consequently, this court may not consider the merits of the claim unless and until petitioner receives the certification.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that petitioner must file the

2

pleading with the Fourth Circuit Court of Appeals and obtain authorization to file a successive petition before this court may examine the claims.

In addition to the above-analysis, a certificate of appealability must be considered. Unless a certificate of appealability ("COA") is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because petitioner has not made a substantial showing of the denial of his constitutional rights, this court will not issue a COA.

A separate order follows.

Date 4/7/14

J. Frederick Motz
United States District Judge